We can wait until they're seated. Thank you, Your Honor. Okay, when you're ready, Counsel. May it please the Court, Your Honor. Thomas Ogden on behalf of Beverly Arrington, who is sitting in the courtroom over to my right, and Crystal Lightfoot. Your Honor, we are here because of what I believe a problematic opinion out of the D.C. Circuit that grants Fannie Mae automatic original federal court jurisdiction. I look at the Pirelli Tires case versus Raines case that said Fannie Mae has original federal jurisdiction based on its charter. That's problematic for three reasons. The first reason is the context that that court case was decided under. Judge Brown, in the concurring opinion, identified that 39 attorneys all wanted to manufacture jurisdiction, subject matter jurisdiction. They all wanted to be in federal court, 185 pages of briefing, and she did not find one good reason why the Fannie Mae's charter gives it automatic federal jurisdiction. I'm a little cautious when an opinion, I've never seen an opinion like this where you did not really have the issue fleshed out in an adversarial process. Okay, the court did say it did its own independent review on the subject matter jurisdiction, and it came to the conclusion that it did confer. And of course, Judge Brown is in dissent. She actually concurred, which is interesting. She's in dissent on the jurisdictional question. Yes, Your Honor. Yeah, sure. That's problem number one I see with that opinion. Problem number two is I think the majority in that decision misread American Red Cross. They start out on the jurisdiction issue, and they say basically that Red Cross says this. It says when a federally chartered corporation's charter refers to the federal courts, that is necessary and sufficient in and of itself to confer federal jurisdiction. They then cite to page 452 of the American Red Cross opinion for that proposition. They quote it as saying Red Cross says necessary and sufficient federal jurisdiction. Actually, if you look at the Red Cross opinion where they're citing to, it says basically that, well, we've looked at the history, and there's a historical context where a federal corporation's charter granted original federal jurisdiction. And we also have this principle that, hey, Congress, when we tell you what language works, we're telling you what is necessary and sufficient to confer federal jurisdiction. It pulls that language from that part of the opinion out of context and says that when a corporation's charter refers to federal court jurisdiction, that is necessary and sufficient alone. That's not how I read the opinion. Okay. Okay. Problem number three with the opinion is it says to a Supreme Court case, Brewer v. Jim's Concrete, Inc. That was a case that came under the FLSA, Fair Labor Standards Act. Mr. Brewer sued in Florida court. It got removed. He tried to remand it. Eleventh Circuit said no. It went up to the Supreme Court, and the issue on the case was under 1331. The issue in Brewer was when the FLSA says a litigant essentially can maintain an action in state or federal court of competent jurisdiction, Brewer said the language may maintain creates an express exception granted by Congress to removal. It's an arising under case under 1331. If you look at the American Red Cross opinion, it is not an issue of 1331. It is in our ‑‑ it is a question of a federal court charter grants original jurisdiction. The reason we know that is because ‑‑ sorry. I think I can cut to the chase in terms of what concerns me. If the words in a court of competent jurisdiction were not in the statute here, I think you lose under American Red Cross. Is that right? I think what American Red Cross is saying is because in 1942 the FDIC brought a case where it had language that Red Cross later amended to in 1947. American Red Cross is saying, Congress, we're letting you know what language works to create automatic federal jurisdiction. This is the language that works. We're therefore going to infer in 1947 when Red Cross changed to this language that just five years previously we decided in FDIC. I asked you a yes or no question. I'm sorry. If the words in a court of competent jurisdiction were not in the statute but the other words were there, the sue and be sued clause specifying state or federal court. I think so. Under American Red Cross, you lose. Is that right? I think those would be the magic words that Justice Scalia says. Those would be the magic words. They are there. The only difference is in this case we have the additional words in a court of competent jurisdiction. Yes, Your Honor. So the question is what's the significance of those words? Now, those words were added to the statute. Yes, Your Honor. And they were added to the statute when? 1954, Your Honor. 1954. Prior to that time, we had a sue and be sued clause that allowed Fannie Mae to sue and be sued in federal court, correct? Yes, Your Honor, 1934. And do we have any evidence that Congress in adding the words in a court of competent jurisdiction intended to change the existing ability to sue and be sued? The evidence is that FDIC was decided in 1942 in the court. That's a Supreme Court case. And they said, you know, when you use this language, you get it. So we're going to place you, Congress, on notice. And the allusion American Red Cross is that same inference we're going to draw. We're going to put you on notice. But what I'm after is, is there any indication in the congressional history or any other indication that somebody says, you know, we really don't want Fannie Mae to be able to sue in federal court, and therefore we're going to add these words and have this consequence? I don't know, Your Honor. I would refer, actually, to Fannie Mae. They did a really good history. They didn't refer to it there. Yeah. Go ahead, please. Is there any legislative history for that 1954 change in any court of competent jurisdiction that you were able to find? I couldn't find any, Your Honor. What is, assuming Congress doesn't just amend things for the sake of amending and assuming we don't want surplusage, that is, we don't read statutes to have surplusage, basic construction of statutory, canon of statutory construction, what does the phrase in any court of competent jurisdiction mean? Your Honor, I think that definition was answered in Califano, the Supreme Court case where they were asked to decide under the APA, which included that type of language, whether it gave a court subject matter jurisdiction of an action. So in competent, any court of competent jurisdiction, I read that term as defined as a component of subject matter jurisdiction and personal jurisdiction. And depending on the facts and circumstances, I think you get a shift between whether the issue is sub-personal jurisdiction or subject, but it encapsulates both. Well, most courts refer to that as encompassing subject matter jurisdiction, correct? Competent jurisdiction means subject matter jurisdiction. I think, yes, it can be. Judge Brown says as far back as Pennoyer v. Neff, which takes me back to my first year in civil procedure in law school, that it doesn't refer to personal jurisdiction. Can you place the 1954 amendment in relation to the Dench-Doon case, that is, the 1942 Supreme Court case? I think you adverted to it a moment ago. Yes, Your Honor. The way I read it, and, you know, we're gleaning what was going on, is the Dench-Doon, I think they're coming out in 1942 and they're refining these corporations' charters, because in 1925 the Congress said there's no longer this automatic theory that just because you have a federal corporation charter that you get into federal court. They started limiting. I think FDIC in 1942, or it would have been more in 1934 because the case worked its way for a few years before it got to the Supreme Court in 1942. I think what they're doing is they're rehashing, and, you know, in context of Dench-Doon, you look at what Fannie Mae is going through, as it's alluded to, in Fannie Mae's brief. They're going from a completely public entity becoming more and more privatized. So, if anything, they're moving away from kind of what American Red Cross is. It's a nonprofit. They're getting more and more privatized. I would say if you become a more private party, Congress is putting you more and more out there to be in relationships with other private parties that are very similar. Here's what's troubling me, and I think I asked it in a different form. The language is, I think everyone has to concede, ambiguous, or at least I view it as ambiguous. So what in the world were they doing? We don't have any history at all. That's what we're struggling with. I'm struggling. I am too. How do we construe the phrase in any court of competent jurisdiction? We don't. We don't have specifically from that I'm aware of in the legislative history on Fannie, what their intent was in terms of what jurisdiction they wanted to confer on Fannie Mae. We don't even know that they had Dench Dume in mind, I guess a case that was decided 42 to 12 years before, right? We don't, but the Supreme Court is going to say we don't care. We're going to let you know and we're going to draw the inference that you know what judicially settled terms are. Are you familiar with the case Testa v. Capp? Testa v. Capp, no, Your Honor. Who taught you federal courts? Georgene Barrow at Loyola. Well, he should have taught you Testa v. Capp. Here's Testa. Decided by the court in 1947, the federal statute required the courts of Rhode Island to entertain suits under the federal price control statute. Rhode Island court said we're not doing it. We do not have to decide cases brought under federal law. The court says you have to do it. At the end of his opinion, Justice Black says, the Rhode Island courts have jurisdiction adequate and appropriate under established local law to adjudicate this action. Now, what he meant was that this is a court of general jurisdiction in Rhode Island rather than a court of limited jurisdiction, such as a small claims court, a widows and orphans court, a municipal court with a limited geographical jurisdiction, so that he's saying that, well, the state courts in Rhode Island have to hear it, provided they are a court of competent jurisdiction under Rhode Island law. And there's a series of cases decided related to Testa v. Capp in which state courts are rejecting federal causes of action on various grounds, including one, for example, Herb v. Pitcorn, Karen, 1945. That suit had been attempted to be brought in a state municipal court. The court did not have jurisdiction because it had arisen outside geographical boundaries for which the subject matter jurisdiction of the municipal court applied. I view it as a very likely explanation for the insertion of these words in a court of competent jurisdiction to take into account the Testa v. Capp line of cases that say, well, you can't just bring it in any court. It has to be a court that is a court of general jurisdiction that is competent to hear such a case. How do you respond to that suggestion? I would respond that — That's an elaboration of the first ground given by Judge Kavanaugh. He doesn't give you all that stuff, but that's what he means in that half a sentence. Okay. In Judge Kavanaugh's opinion. Yes, Your Honor. I would still say that based on Califano, we have very clear language, too, that says that when you have those terms in a court of competent jurisdiction, that it asks you to turn on something outside to enable the subject matter of the jurisdiction. I mean, what I view that is, is Congress saying, we are not going to insist that a state court of limited jurisdiction hear these cases. It has to be a court of otherwise competent jurisdiction. So non-muni court, non-windows and orphans court, non-sort of divorce court, you know, because lots of courts are quite limited in their subject matter jurisdiction. So I take Judge Brown's point, and I think she's right, that this kind of competent jurisdiction ordinarily refers to subject matter jurisdiction rather than personal jurisdiction. That is to say, I disagree with point two under Judge Kavanaugh, but staying with subject matter jurisdiction, I see a very clear purpose for this language. Well, I would add that. That does not defeat the sue-and-be-sue clause with respect to Federal courts. With respect to Federal courts, but I've. That is to say, I don't view the addition of the in a court of competent jurisdiction as defeating the jurisdiction that would otherwise exist in Federal court. I understand, Your Honor. I would differ. I understand you do. But that's how I'm tempted to see this case or this statute. Yes, Your Honor. Duly noted, I will take a look at those cases on those lines from testator, and I will let my civil procedure professor know. But I still beg to differ that, you know, we have, when we look at it, if you look at this case, okay, it's a court of limited jurisdiction where she brought her suits in State court, but they can hear those cases because it's a court of competent jurisdiction. She brought State law claims. I understand that. No, I think the State court clearly had jurisdiction. The question is whether or not the Federal court did. Yes, Your Honor. We have on the other side, and I'll make sure you get a chance to respond. Thank you, Your Honor. Including, if you thought more about my suggestion, you can also respond. I'll get on the Wi-Fi and I'll look it up in Westlaw. Good morning, Your Honors. May it please the Court. John Hacker for Appellee Fannie Mae. I think I understand exactly what the court is, and I think the court is in exactly the right place. Now, you didn't cite Testa v. Cad either, did you? We didn't, but I do know Testa. I know it well. I know all those cases that were cited in the 1940s. So why didn't you cite it? Well, because it's not, you know, I think as Judge Stein was getting at, we don't have a specific intent as to what Congress was thinking. But what we do have is context. And context here is everything. We don't have a, you know, a House report reporting on this. But we know exactly what was going on, what the state of the law was. And I think that's the best inference was Congress responding. Let me just, if I could, set the table briefly with the holding of American National Red Cross. A congressional charter sue-and-be-sued provision may be read to confer federal jurisdiction if and only if. May. May. That's true. Go ahead. But on page 257, and sort of summarizing its holding, the court says, in expressly authorizing the organization to sue-and-be-sued in federal courts, the provision extends beyond a mere grant of general corporate capacity to sue and suffices to confer federal jurisdiction. Fannie Mae's congressional charter obviously has the specific reference to federal courts. And therefore, it satisfies that test. It authorizes Fannie Mae to sue-or-be-sued and to complain and defend in any court of competent jurisdiction, state or federal. In explicitly authorizing suit, Fannie Mae to sue-or-be-sued in federal court, Congress is simultaneously, and this is what Justice Marshall's insight was, starting as early as DeVos, Congress is simultaneously exercising its power to create jurisdiction in the court so that it can hear the suit that Congress is mandating when it says, Fannie Mae can sue in federal court. That is simultaneously an exercise of its power to control the jurisdiction of the federal courts. Roberts. Kagan. That is said, Fannie Mae can sue in federal court prior to the insertion of the words in any court of competent jurisdiction. Right. So why in the world add that? As both of Your Honors were getting at, I think that crystallizes the question  Is there reason to think that between 1934 and 1954, Congress thought it important to strip away jurisdiction and thought that adding the phrase court of competent jurisdiction was the right way, was the right way to make clear to the world that although we want Fannie Mae to be able to sue in federal court, well, actually we don't quite mean that. Your papers say that phrase is a distinction without a difference. Is your position that it's just surplusage, it's just meaningless? No, Your Honor. And this goes to the colloquy that we've already had with respect to the possible reasons for the meaning of court of competent jurisdiction. And I think Judge Fletcher was right that Judge Kavanaugh identified three of them. And I actually think they are all valid reasons. And I think Judge Fletcher. You can think that. We'll talk about the second one. But the first one, I think, is absolutely right, that it's trying to specify that we're not talking about literally all courts. In some sense, it's a necessary change in 1954 because it can't be true that you could bring an action or it shouldn't be true. You can bring an action in literally any state court. The federal employer's liability. But the Congress doesn't have to say you can't sue in a municipal court which has no jurisdiction over a $10,000 limit, or you don't or you can't sue in a court that you're outside the geographic limits of. Why? I mean, that doesn't exist in other statutes. That would have to be in every statute if that's its meaning. I think the short answer is we don't know that for sure. If you've got a federal statute given the Supremacy Clause that says I can sue in any state court, and there's no exception to that, no limitation on that, I think it might be true. You think you could go in, you could take a, go into the, you know, municipal court of X city on a million-dollar suit? I wouldn't think that. I'm not saying that. I'm saying that that might have been a question you wouldn't want people to worry about. Let's clarify that. Let's get away from that. You've got divisions between law and equity. You know, there might be an effort to bring a law case, an equity case in a law court. Let's clarify. Congress doesn't worry about that in other statutes, does it, making sure that it talks about the jurisdictional limits of municipal courts? Well, it's not clear to me, you know, when they would or wouldn't, but at this point, in the late 1940s, you have a series of cases starting, including Testa v. Caput, including Brown v. Gerdes and others, where there's a lot of hand-wringing over the ability of the federal court, of Congress, to control or affect state court jurisdiction, to mandate whether or not states can hear certain cases, under what circumstances. Justice Frankfurter and Brown says you can't do it ever. Henry Hart writes a very important article in 1952 saying that federal law takes state courts as it finds it, which is later cited in Hallett v. Rose. That's the conditions that we're in in 1950, when people are very worried about the ability of Congress to ---- So who taught you federal courts? Terry Sandilow. So he did Testa v. Caput very well. So he did assign Testa. Okay. Right. And he wrote about it in Henry v. Mississippi in the Adequate State Grounds Doctrine case. So that's one point. But that's not the only point, Your Honor. The second one is the one Judge Fletcher questions. And I would just take issue with the point, Judge Fletcher, that even if it's true that ordinarily the phrase competent jurisdiction is used to refer to subject matter jurisdiction, it is absolutely not true. It's just incontestable that it's sometimes used to refer to personal jurisdiction. It's not ever always used to refer only to subject matter jurisdiction. This very court did so in the ---- sorry, the embroidery, the American embroidery case, excuse me, action embroidery case that we cite in our brief where the court referred to the competence to exercise jurisdiction over a person. Who wrote that? I don't recall the author of that decision. I did. You wrote that one? Well, there you go. And that was you yourself. I wish I'd known that. You yourself used that phrase to refer to the competence of the court to exercise personal jurisdiction. The cases we cite at page 24 and 25 of our brief are all examples of courts using competence to refer to the competence of the court to adjudicate exercise jurisdiction over the person. So the point is not that it's consistent to say it's ordinarily used to refer to the competence of a court over the subject matter, but so long as it's ambiguous, could be used either way, which is exactly what the Court said in the Morton case that Judge Brown relied on when the Court said it's as far back as Pennoyer. She says rarely. She doesn't say never. Right. And she's relying on Morton where the first thing the Court says is Morton. The very first sentence when referring to the use of the phrase court of competence jurisdiction, the phrase is ambiguous. So you have to figure out because sometimes it's used one way and sometimes it's used another. Or usually it's used one way, but on occasion used another. And so that's what we have here. And under these circumstances is the reason to think that Congress used that phrase to quote Judge Kavanaugh as a bank shot to strip away a Federal jurisdiction that the other side concedes, and I think has to concede, did exist up until 1954 under the doctrine that's later enunciated in American Red Cross, but of course already existed. Another point I would make for why court of competence jurisdiction can't be inferred as an effort to strike that bank shot, if you will, is the context at the time was not just tested in those cases, but there were three appellate decisions that had recently been decided that had construed, and there's no contrary authority, three appellate decisions, two from the Fourth Circuit and one from the Third Circuit, which in the 40s had said, construed statutes using the phrase court of competence jurisdiction, state or Federal, to be an invocation of Federal jurisdiction. The exact phrase. So again, if Congress is thinking about this and reworking the statute in some way, it's going to use a phrase. It wouldn't use the phrase court of competence jurisdiction because the existing case law at the time says that the phrase court of competence jurisdiction, state or Federal, suffices to invoke Federal jurisdiction. That, again, is the context. I should know the answer to this question, but I do not. When the statute was amended in 1954, how much of the statute was amended? Was this part of a thoroughgoing amendment where they sort of run through the whole statute, change lots of things? I wouldn't say I don't know the answer quantitatively, exactly how many parts were amended.  And I'm not sure if any may have become a mixed corporation, government and private. So it's not a discrete amendment where they amended it simply to add these words? No. That's correct. And as I say, they were using a phrase that had been judicially construed at that time to sufficiently invoke Federal jurisdiction. And there was zero contrary legal authority at that point supporting the idea that jurisdiction, again, state or Federal, would be insufficient to invoke Federal jurisdiction and would be an effort just to create the corporate capacity to sue. If it were, Your Honor, and that's what the other side's position has to be, that's what Judge Brown's argument is, is that this is just corporate capacity to sue. If you wanted to do that, if Congress wanted to do that, the correct thing to do would be to add court of competence jurisdiction and take out state or Federal. That's the thing to do is remove state or Federal and just leave court of competence jurisdiction. Then you have the Califano case. You have all the cases that simply say, going back to DeVoe, that say things like, you know, suit in a court of competence jurisdiction, which is, and we completely concede this, insufficient to invoke Federal jurisdiction. Absent some other jurisdictional statute. Of course. That's Willie. If you're talking about just a sue or be sued clause in a court of competence jurisdiction. That's the principle that American Red Cross draws out of the cases from DeVoe through Ogden to Banker's Trust to the Dench Doom case. And so Congress did the exact wrong thing if they were trying to accomplish what Judge Brown and the other side says they were trying to accomplish, which was to strip away Federal jurisdiction. They should have taken out the words state or Federal. And they did not, obviously, do that. Another point is, I think we've sort of already alluded to this, Judge Fletcher did. Although we don't have specific legislative history, we do have, again, context. And certainly the policy context is there's no indication that anybody was concerned with sort of too much Federal jurisdiction over Fannie Mae cases. That's just not something that was sort of in the air at the time. And there's no basis for inferring from the context. This is kind of a dog-that-didn't-bark case. Absolutely. I was just going to use that exact phrase. It was hackneyed. You shouldn't have used it. Yeah. Well, I appreciate you taking care of that for me, then, because that's exactly the situation here. We don't have that policy indication. You have the legal backdrop of the decisions construing this exact phrase to do exactly what Judge Kavanaugh and Judge Tatel agreed that it does. Then there is, even sort of under current legal doctrine, the exact same phrase is cited in the Brewer case, which counsel referred to, as sufficient, sufficing to create Federal jurisdiction for an FLSA claim. Now, the Court, to be sure, did go on and say, Andy, in any event, there's jurisdiction here under 1331 and 1337. But the point is the Court, the first jurisdictional basis that the Brewer Court cited in construing the jurisdiction of the Fair Labor Standards Act, the phrase any state or federal court of competent jurisdiction, was that phrase as sufficing to invoke Federal jurisdiction. So you've got that provision, that legal principle as well, supporting the inference that even today it's correctly construed as, or particularly today, it's correctly construed as creating Federal jurisdiction. I've already addressed, I think, the reasons it's not superfluous. The other point I would make, you've got the litigates in state courts of limited jurisdiction have to satisfy those sort of gatekeeping rules, if you will, in state courts. That's also true with respect to Federal courts. I think that's Judge Kavanaugh's third point, is that it's authorizing suit and creating Federal jurisdiction in appropriate Federal courts, but not in literally any Federal court, which is how you would otherwise potentially have to read the statute. Right? And so you don't have, you can't bring a case in the ITC. You wouldn't bring a case in the court of claims. You know, you don't have to read the statute that way. If it says sue or be sued in state or Federal courts, again, I mean, it's whatever the specific jurisdiction of that Federal court is. I think that's an appropriate. I don't disagree or not that's an appropriate inference. My point is simply this would clarify and avoid any confusion about that. A strict constructionist, plain-meaning judge might have a different view of that. You might have a defendant, aggressive defendant, waiving or plaintiff, waiving the statute and saying, I want to be heard in this court for whatever reason. I want to be heard in this court in this county, even though there's not personal jurisdiction in this county over here, because I can sue in any state court. And adding the phrase court of competent jurisdiction solves all those, avoids all those problems, and does what is so important for jurisdictional statutes. It is so important, as the Supreme Court said in the Hertz Corporation against Friend case, that jurisdictional statutes have clear rules, predictable rules, stable rules. Adding a phrase like court of competent jurisdiction does that, clarifies that in advance. And at the same time, the American Red Cross doctrine, which again started with the DeVoe case, accomplishes the same result, a very clear rule. So long as there is a mention of the Federal court, not just a generic mention, not sort of in the abstract, but when the court, the statute says this entity, this congressionally chartered entity, can sue or be sued in Federal court, that suffices to establish a jurisdiction. No. It gives a court the ability to so interpret it. I'm going back to May. I appreciate that. But I'm adding the point that when you need clear rules, it's not just that it opens it up and that it's otherwise ambiguous and that we have no idea what might be going on. If Congress says you can sue or be sued in Federal court, that is at least a profoundly strong default rule, that that's where Congress wanted to sue. And you'd have to find something else in the statute that says even though we want you to sue in Federal court, we don't really mean it. And you'd have to find something that's powerful enough to pull away the clear intent to create jurisdiction, the evidently clear intent to create jurisdiction to authorize suit in a Federal state, in Federal court. So the purpose and the result of adding the phrase in any court of competent jurisdiction is to clarify the existence of Federal jurisdiction? I would say that's certainly the result of, is to clarify the court, the kind of courts that you can sue in. We don't literally mean any state or Federal, but it's a state or Federal court that otherwise is appropriate to the kind of case that's being brought. I think that's the result of it. Would you have the power in any event to come into Federal court by using the authority of the FHFA to intervene? I don't know the answer to that question. We haven't taken a position on that in these briefs. So I don't know that Fannie Mae has a position on that. If there are no further questions, Your Honor, I'll submit. Thank you very much. Thank you very much. I think we took you up to your time. Let's give you two minutes to respond if you'd like that. I'm just going to be brief, Your Honor. I'm just going to stress that what I heard from Judge Stein, he mentioned ambiguity. I heard from Mr. Hacker, he mentioned ambiguity. I would say if there's ambiguity in the statute, then I cite in my brief that if there's ambiguity against removal, then you can't remove. And, you know, I would say that listening to Mr. Hacker go on a discourse about congressional intent and this, that, and other, I'm more confused than ever exactly what is going on when they added the words incompetent, a court of competent jurisdiction. There's no further questions, Your Honor. On that note of confusion, it's up to us. Yes, Your Honor. On that note. Oh, and if I may add one more thing, you authored, I would mention Judge Schrott was also on the Fannie Mae opinion, so maybe we can add some clarity here. Thank you, Your Honor. You always want to be worried when a doctor says you have an interesting case. I don't think you need to be worried that you haven't brought us an interesting case, because we're judges saying that rather than doctors. Thank you very much for your arguments. Nice arguments on both sides. Thank you. Late foot versus Senate Mortgage Corporation submitted for decision. The next case on the argument calendar, American Medical Response in Southern California versus National Emergency Medical Services Association. Thank you.
judges: Stein, Trott, Fletcher